## WILEY BUCKLES v. MARY ELLERS.

### STATEMENT.

Herein the appellee, an unmarried woman, sued the appellant for seducing her; and obtained a verdict for $1,000. The appellee was the principal witness, and testified in substance, as follows: In June 1875, she went to reside in Champaign, Illinois, and engaged as a seamstress and dressmaker. There, in September 1876, she became acquainted with appellant, when she was under twenty years of age, he being introduced to her by a mutual acquaintance. They were afterwards engaged to be married and indulged improper intimacies frequently; which continued until September 1877. Then they came together to Indianapolis, and registered at the Sherman House, as husband and wife, and occupied the same room. She expected him to marry her, and that they would remove to Kansas the next spring. From Indianapolis, he went to Louisville, Ky., leaving her some money after having paid her hotel bill; and she went to her father's near Noblesville, Ind. In October 1877, they again met, at Crawfordsville, where still farther improper intimacies occurred; in January 1878, they met at Covington, Ind., for the last time; and from their intimacy there, a miscarriage resulted. On cross examination, she admitted that when she first became acquainted with him, she was the mother of an illegitimate child, three or four years old; that she was living there under an assumed name, and representing herself as a married woman living apart from her husband; that appellant furnished her money, from time to time; and that their early intimacies had resulted in a miscarriage in the spriug of 1877.

*Lex Loci as to Statutory Remedies. Held*, that although the code of this State allows an unmarried woman to maintain an action for her own seduction, yet this remedy, being purely statutory, and not existing at common law, has no extra-territorial force, and does not authorize an action in this State for acts of seduction committed in another State, even if such acts are continued in this State as consequential to the original act of seduction occurring previously in another State. Comity between States only enforces such rights as are recognized as existing by the general usage of civilized nations, or rights at common law.

Appeal from Montgomery.

Opinion of the court by Mr. Chief Justice Niblack.

The question for our decision is, did the evidence set out as above, which embraces all that was favorable to the appellee, make out, or fairly tend to make out, against the appellant, an actionable charge of seduction under the laws of this State.

The first objection urged against the sufficiency of the evidence, is, that it was shown affirmatively that the supposed injury complained of was committed in the State of Illinois, and

hence no right of action accrued to the appellee for such supposed injury under any statute of this State.

Upon the point presented by this objection there seems to be some confusion in, and apparent conflict between, the authorities bearing upon it, but we think this confusion and apparent conflict have resulted more from a failure, in very many cases, to observe the distinction which evidently exists and ought to be well recognized, as regards their general transitory character, between common law actions and actions purely statutory in their origin, than from any other cause.

In Story on the Conflict of Laws, 368, 13th edition, section 307 (d) it is said: "In general, where actions *ex delicto* are held transitory, and suits allowed to be maintained in a foreign forum, the right of action and the nature and extent of damages must be estimated according to the law of the place where the wrong was committed."

To this proposition some rather confusing and unsatisfactory exceptions are noted by the learned author, but the exceptions do not overthrow the general rule as stated above by him.

Rorer on Inter State Law at pages 144 and 145, after reviewing the authorities on the general subject, announces as a conclusion, that in all *purely personal* actions of a transitory nature for *torts* at *common law*, a citizen of a State may sue a citizen of another State in the courts of such other State, or of any other State wherein he may reside or may be found, and served with process without regard to the place or State in which the injury may have been perpetrated.

But that where certain acts are made wrong by statute which were not theretofore, or where remedies additional to those which existed at common law are provided by statute, advantage can be taken of these new and additional remedies only within the territory or locality in which the statute has force. These constitute new rights, so to speak, and depend for their enforcement always upon the statutes by which they are created. And such statutes will be enforced only by the courts of the State wherein they are enacted.

Taking the conclusion thus reached by Rorer, in respect to statutory actions, in connection with the authorities relied on to

sustain the text, the inevitable inference is that a statute providing a right of action for a personal injury has no extra-territorial force and does not confer a right of action for an injury inflicted in another State. See *M' Carthy* v. *The Chicago, Rhode Island and Pacific Railroad Company*, 18 Kansas 47, and the authorities cited in that case.

Section 24 of our code, R. S. 1876, vol. 2, 43, confers upon every unmarried woman the right to prosecute an action for her own seduction; but under the construction given, and as we believe correctly given, as above stated, to analogous statutes, that provision of the code has no extra-territorial force, and does not authorize such an action to be maintained in this State for an act of seduction committed in another State.

It is manifest from the evidence in this case that if the appellee was in fact seduced by the appellant, the seduction took place and was fully accomplished in the State of Illinois. The illicit intercourse testified to as having occurred in this State did not constitute a new and independent case of seduction, as contended for by the appellee, but was merely consequential to the alleged seduction which had previously taken place.

But it may be insisted that conceding that the *gravamen* of the appellant's supposed offense was shown to have been perpetrated in the State of Illinois, still the appellee was entitled to prosecute her action in this State as a matter of comity between the two States.

The rules governing the prosecution of actions by comity between States have no application to this case, for two reasons.

First, nothing being shown to the contrary on the trial, we must assume that the common law was in force in Illinois on the subject of prosecution for seduction. By the common law, the appellee acquired no right of action against the appellant for her own seduction, and hence putting the worst possible construction upon the evidence as against the appellant, she did not bring with her from Illinois any right of action to be enforced in this State.

Secondly, if it had been shown upon the trial that there was some statute of Illinois conferring upon her a right of action for her own seduction, that would not have authorized the appellee

to prosecute this action in the court below, upon the principle of comity, as it is only common law rights, or such rights as are recognized as existing by the general usage of civilized nations which can be enforced by comity in a foreign forum.

Rorer on Inter State Law, *supra*, pages 4, 5 and 6.

For the reasons given, we are of the opinion that the evidence failed to show a cause of action entitling her to a recovery in any of the courts of the State, and that in consequence the judgment in this case can not be sustained.

The conclusion we have reached renders it unnecessary that we shall consider other objections urged to the sufficiency of the evidence.

The judgment is reversed with costs, and the cause remanded for a new trial.